UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYA DESIDERIO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JACK SAINT CLAIR, et al.,<br><br>　　　　Defendants. | Case No.: 1:11-cv-01388-LJO-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 6] |

Plaintiff Maya Desiderio is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on August 22, 2011.  An amended petition was filed on September 19, 2011.

For the reasons explained below, the Court finds the complaint fails to state any cognizable claims for relief.  The Court will dismiss Plaintiff's claims, with leave to amend.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff's complaint involves two separate instances in which he claims prison officials were deliberately indifferent to his medical needs.

The first incident took place on April 12, 2010, when Plaintiff's daily Neurontin prescription was discontinued based on nursing staff finding that Plaintiff was "checking" his prescription. On April 12, 2010, Dr. Bangi, MD., ordered Plaintiff's daily prescription of Neurontin to stop without first informing or alerting him, and without any medical or penological interest. On April 13, 2010, Plaintiff filed an inmate grievance challenging the cancellation of his prescription.

1   On April 15, 2010, Dr. Jack Saint Clair, Chief Medical Officer (CMO) screen-out Plaintiff's
2   grievance on the ground it constituted an "excessive filing." Plaintiff alleges that the screening-out of
3   his grievance was a generic excuse to conspire with Dr. Bangi to deprive and/or deny Plaintiff proper
4   and accurate medical services.
5   Plaintiff re-submitted his grievance on April 20, 2010, along with a copy of the prior screening
6   form. On April 26, 2010, P. Bolles, Health Care Appeals Coordinator Officer, received Plaintiff's
7   grievance along with the prior screening form, and sent memorandum to the nursing staff. K. Calkins.
8   RN, Supervising Registered Nurse II, replied to Bolles memorandum and found that Plaintiff's
9   grievance did not meet the "emergency appeal" criteria, despite the fact that Plaintiff was never
10  physically examined.
11  On May 28, 2010, Plaintiff received the first level response to his grievance which found that
12  Plaintiff was "checking" his daily prescribed medication. (Compl. Ex. A.) It was further noted that an
13  intact "gabapentin pill" was discovered by prison staff in Plaintiff's property. Plaintiff contends this is
14  untrue because it is policy that health care staff "crush" certain prescriptions such as a "gabapentin
15  pill" before it is administered to inmates. Plaintiff contends that Drs. M. Forster and C. Allen,
16  conspired with Drs. Bangi and Jack Saint Clair to treat Plaintiff with indifference to his health care.
17  On June 8, 2010, Plaintiff re-submitted his grievance to the second level of review. Plaintiff
18  received a response on June 30, 2010, which agreed with the first level response.
19  On October 25, 2010, Plaintiff's appeal was denied at the third level which found "no
20  compelling evidence that warrant[ed] intervention…" (Compl. Ex. A.)
21  The second incident took place on July 30, 2010, when Plaintiff slipped and fell on a wet
22  concrete floor causing his to suffer a laceration to the head, which resulted in 11 staples to close the
23  injury, re-injury to his lower back and wrist. Plaintiff received a partial cast to help heal his right
24  wrist.
25  Plaintiff filed two separate inmate grievances as to this second incident.
26  **A.    Appeal Log Number SCC-X-10-00885**
27  On August 13, 2010, Plaintiff submitted a grievance based on the continued pain and suffering
28  from the July 30, 2010, injury, claiming he did not receive proper health care and treatment. On

3

August 14, 2010, Plaintiff received a response stating that the Sergeant had given instructions to the building porters on their duties.

On August 23, 2010, Plaintiff re-submitted his grievance to the formal level of review. On August 26, 2010, Plaintiff received a response stating that his grievance was partially granted. Plaintiff contends that the response failed to mention any comment on the retaliation for having submitted his prior grievance and failed to mention if any medical care was being provided to address the injury he suffered on July 30, 2010. (Compl. Ex. B.)

On October 14, 2010, Plaintiff received the second level response indicating it was partially granted but failed to state the reason for the partial grant. This second level response indicated that Plaintiff continued to receive medical care, but failed to address the specific medical care being provided and did not address the retaliation claim.

The third and final level response was issued on February 24, 2011. Plaintiff contends the Director's Level failed to conduct an independent investigation and merely accepted the second level review's findings as true.

**B.    Appeal Log Number SCC-20-10-10717**

On September 13, 2010, Plaintiff submitted his grievance to the second level of review. On September 23, 2010, Plaintiff received a response informing him it was partially granted but failed to provide any relief. (Compl. Ex. C.)

On October 4, 2010, Plaintiff submitted his grievance to the second level of review. On November 3, 2010, Plaintiff's appeal was partially granted as to Plaintiff's request for x-rays and an MRI of his head and lower back. "Dr. Forster evaluated [Plaintiff] and determined you request for x-rays of your head and lower back was not medically necessary. (Compl. Ex. C.)

The third and final level of review was issued on April 12, 2011. Plaintiff contends it was denied based on a summation of the first and second level reviews, without an independent investigation.

///
///
///

4

# III.

# DISCUSSION

### A. Deliberate Indifferent to Serious Medical Needs

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

#### 1. Discontinue Medication

Plaintiff contends that Drs. Bangi, Jack Saint Clair, M. Forster and C. Allen and appeals coordinator officer, P. Bolles were deliberately indifferent to his medical needs by discontinuing his prescription for Neurontin. Plaintiff contends that he was wrongfully accused of "cheeking" his medication despite the fact that the prison health care policy is to crush certain prescriptions before being dispensed to inmates.

Plaintiff fails to state a cognizable claim. In a prison setting, the decision to discontinue a pain medication because of concerns of abuse of such medication does not amount to deliberate indifferent to serious medical needs. See, e.g., Atakpu v. Lawson, 2008 WL 5233467, *11 (S.D. Ohio, Dec. 11, 2008) ("evidence submitted by plaintiff shows that the LECI doctor ordered that the Ultram be discontinued … because of 'cheeking'"); Johnson v. Herman, 2006 WL 1408380, *3 (N.D. Ind., May 18, 2006) ("An inmate who will not take his medication when it is dispensed does not appear to need the medication. This is particularly true for pain medication."); Shea v. Wheeler, 2001 WL 34376846, *6 (W.D. Wis., June 19, 2001) (holding that prison doctor's decision to discontinue inmate's prescription for misuse, even after inmate was found not guilty at a subsequent disciplinary hearing,

did not constitute deliberate indifference); Jones v. Ehlert, 704 F.Supp. 885, 888-890 (E.D. Wis. 1989) (no deliberate indifference found where prisoner's Valium was discontinued after sergeant at correctional institution accused prisoner of palming off medication).

As stated in the first level response to Plaintiff's inmate grievance, which was upheld at both subsequent levels of review:

> On April 30, 2010, Dr. Forster evaluated you regarding your appeal issues. Dr. Forster indicated that nursing staff had reasonable cause to believe you were "cheeking" your gabapentin on April 12, 2010. Dr. Forster noted you admitted that custody staff had searched your property and found one gabapentin pill and other expired medications, which they confiscated. Dr. Forster explained the policy at Sierra Conservation Center is if nursing staff suspects that an inmate-patient is diverting his medication, the medication will be stopped. Dr. Forster also explained that the discovery by custody staff of an intact gabapentin pill in your property indicated you had diverted your medication once before and, therefore, gabapentin would not be restarted.

(Compl. Ex. A.)

There are no facts to establish that that the cancellation was done with deliberate indifference to a serious medical need. Accordingly, Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against any of the named Defendants.

   2.   Failure to Provide Adequate Treatment

Plaintiff contends that after he slipped and fell on the wet concrete, he suffered continuous pain and discomfort while sleeping and walking. Plaintiff fails to state a cognizable claim. Plaintiff's allegations demonstrate nothing more than his mere disagreement with the course of treatment he was provided.

"[A] different of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course of conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.

The exhibits attached to Plaintiff's complaint demonstrate that he received treatment for the injuries he sustained from the fall.[1] Specifically, it was noted in response to his inmate grievance number SCC-20-10-10717 that Plaintiff was examined on July 30, 2010 (day of the incident), and Dr. Allen, "stapled a 3 x 2 centimeter laceration over the back of your head and RN Lopez applied an ulnar splint to your right wrist. Dr. Allen prescribed Tylenol #3 two tables three times a day as needed for pain." (Compl. Ex. C.) X-rays were obtained the following day on August 3, 2010. Plaintiff was evaluated again on August 4th, August 11th, August 18th, and August 30, 2010, and appropriate treatment as determined by the medical professionals was provided. He was further authorized for a CT brain scan which was obtained on September 7, 2010.

There is no indication that any of the Defendants were deliberately indifferent to a serious medical need. While Plaintiff may have desired different or further treatment, his disagreement does not rise to the level of an Eighth Amendment violation. Accordingly, Plaintiff has failed to state a cognizable claim.

### B. Retaliation

To the extent Plaintiff contends that medical staff denied him adequate medical care in retaliation for his filing inmate grievances, he fails to state a cognizable claim.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord

---

[1] In general the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to plaintiff. However where exhibits are attached to the complaint, Court is not limited to the allegations contained in the complaint, and can consider the exhibits. Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Where the allegations in the complaint are refuted by the exhibits, the Court need not accept the allegations as true. Sprewell v. Golden State Warriors, 266 F3d 979, 987 (9th Cir. 2001); Roth, 942 F.2d at 625 n.1.

Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

To the extent Plaintiff claims that Defendants retaliated against him by denying him adequate medical care, Plaintiff's allegations of difference of opinion regarding his treatment do not state a sufficiently adverse action to support a cognizable retaliation claim.  There is no allegation that any of the Defendants refused to provide or rendered inadequate medical treatment because of the grievances Plaintiff previously filed.  Accordingly, Plaintiff fails to state a cognizable retaliation claim.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 19, 2011, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 11, 2013**                               _____
                                                                                 UNITED STATES MAGISTRATE JUDGE