# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYA DESIDERIO,<br><br>    Plaintiff,<br><br>    v.<br><br>JACK SAINT CLAIR,<br><br>    Defendant. | Case No.  1:11-cv-01388-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 15<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

## INTRODUCTION

Plaintiff Maya Desiderio ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 22, 2011. (ECF No. 1.) On October 11, 2013, the Court screened and dismissed the original complaint. (ECF No. 14.) This action proceeds on the First Amended Complaint filed on November 8, 2013. (ECF No. 15.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.

///

///

1

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

The events described in Plaintiff's complaint took place while he was incarcerated at the Sierra Conservation Center in Jamestown, California. Plaintiff names Jack Saint Clair (chief

medical officer) and H. Christie (correctional officer) as defendants (all defendants collectively referred to as "Defendants").

Plaintiff contends that he was repeatedly denied adequate health care and treatment. (First Am. Compl. ¶ 2.) Plaintiff further alleges that Defendant "abused his position as [chief medical officer] to chill and/or silence Plaintiff's right to exercise his First Amendment right to seek redress." (First Am. Compl. 2.)

On April 12, 2010, Dr. Bangi prescribed pain medication for Plaintiff in tablet form (Gabapentin). (First Am. Compl. ¶ 3.) However, Plaintiff's prescription was later cancelled. (First Am. Compl. ¶ 5.) Plaintiff alleges that his Gabapentin medication was "arbitrarily stopped" based on an unsupported allegation that Plaintiff was caught with a Gabapentin pill in his cell. (First Am. Compl. ¶ 15.) On April 13, 2010, Plaintiff filed an appeal regarding the Gabapentin issue. (First Am. Compl. ¶ 6.) Plaintiff's appeal was screened out, with the cited basis being Plaintiff's "Appeal System Abuse" and excessive filing. (First Am. Compl. ¶ 7.)

On July 30, 2010, Plaintiff was injured after slipping on a wet floor. (First Am. Compl. ¶ 23.) Plaintiff filed an appeal regarding the accident. (First Am. Compl. ¶ 24.) Plaintiff contends that Defendant Christie gave untrue statements regarding the accident. (First Am. Compl. ¶ 25.) Plaintiff contends that Christie stated that the floor was mopped properly, wet floor caution signs were in place, and that Plaintiff was seen running across the floor without his cane. (First Am. Compl. ¶ 29.) Plaintiff contends that Christie was not in position to observe Plaintiff's fall. (First Am. Compl. ¶ 30.)

### IV.

### DISCUSSION

#### A. Eighth Amendment Claim

Plaintiff contends that Defendants violated his rights under the Eighth Amendment, which prohibits cruel and unusual punishment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the

deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).  Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.  A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

"'Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).  In order to rise to the level of deliberate indifference, plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  "[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.'" Id. at 1058 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).  "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's health.'" Id. (quoting Jackson, 90 F.3d at 332).

Plaintiff does not state any cognizable claims under the Eighth Amendment.  Plaintiff does not allege any facts that plausibly support the conclusion that Defendant Saint Clair acted with deliberate indifference.  Plaintiff alleges that his medication was discontinued after Plaintiff was suspected of not taking his medications and instead keeping them in his cell for improper purposes.  Plaintiff also alleges that his administrative appeal was rejected due to his suspected abuse of the appeals process.  Regardless of whether these justifications were true, Plaintiff has not alleged any facts that suggest that Saint Clair acted with actual knowledge and belief of a substantial risk of harm to Plaintiff.

### B. First Amendment Free Speech Claims

Plaintiff contends that Defendants chilled Plaintiff's exercise of his First Amendment right to file administrative grievances. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004).

Plaintiff does not state a cognizable First Amendment claim against Defendant Saint Clair. Plaintiff does not allege facts that plausibly support the conclusion that Saint Clair took adverse action against Plaintiff "because of" Plaintiff's protected conduct. Plaintiff alleges that Saint Clair screened out Plaintiff's appeal because the appeal violated a prison rule that limited prisoners to filing one non-emergency appeal every seven days. Although Plaintiff alleges that he had not filed a second medical appeal within the seven day limit, Plaintiff does not allege any facts that plausibly support the conclusion that Saint Clair's motives were retaliatory. Moreover, Plaintiff has not alleged a sufficient effect to support a retaliation claim. In order to state a claim, Plaintiff must allege adverse action that would chill or silence a person of ordinary firmness from future First Amendment activities. Screening out an administrative appeal and informing a prisoner to re-file after the seven day time limit passes is not action that would chill or silence a person of ordinary firmness from future First Amendment activities. Accordingly, Plaintiff fails to state a cognizable retaliation claim against Saint Clair.

Plaintiff does not state a cognizable First Amendment claim against Defendant Christie. Plaintiff does not allege facts that plausibly support the conclusion that Christie made false statements accusing Plaintiff of being responsible for his accident "because of" Plaintiff's protected conduct. Further, making a false statement accusing Plaintiff of causing his own accident is not the type of adverse action that would chill or silence a person of ordinary firmness from future First Amendment activities. Accordingly, Plaintiff fails to state a cognizable retaliation claim against Christie.

### C. Dismissal Without Leave to Amend

Generally, leave to amend a dismissed complaint should be granted if it appears at all possible that the plaintiff can correct the defects in the complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). However, leave to amend may be denied when a plaintiff was previously notified of the deficiencies in his claims but did not cure them. See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

Here, Plaintiff was previously informed of the deficiencies in his claims and his First Amended Complaint failed to cure them. Accordingly, the Court will dismiss Plaintiff's First Amended Complaint without leave to amend.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. Moreover, the Court finds that leave to amend should be denied because Plaintiff's claims cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's First Amended Complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE